# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
# DIVISION ONE

In the Matter of the Personal
Restraint of:

MARLOW TODD EGGUM,

               Petitioner.

)
)
)
)
)
)
)
)
)
)

No. 81005-7-I (consol. with
No. 81071-5-I)


UNPUBLISHED OPINION

PER CURIAM — A jury convicted Marlow Eggum of multiple crimes, including two counts of felony harassment, in Whatcom County Superior Court Cause No. 09-1-00486-5. In these consolidated personal restraint petitions, Eggum challenges, among other things, the 9-18 month term of community supervision imposed on one count of felony harassment.[1] To be entitled to relief by means of a personal restraint petition, Eggum bears the burden to demonstrate that he is under restraint and that the restraint is unlawful. RAP 16.4; see also In re Pers. Restraint of Cashaw, 123 Wn.2d 138, 148-49, 866 P.2d 8 (1994); In re Pers. Restraint of Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990).

Contrary to the language of Eggum's judgment and sentence, felony harassment is not included in the list of offenses designated as "crimes against persons." RCW 9.94A.411(2). And as the Department observes, its supervision is not required under RCW 9.94A.501(4). As the State

_____

[1] The Acting Chief Judge previously dismissed the other issue Eggum raised as frivolous.

appropriately concedes, the conviction does not fall within any category of eligibility for community custody under RCW 9.94A.701(1)-(3).

Accordingly, we grant Eggum's petition and remand the matter to the sentencing court to strike the term of community custody imposed on the conviction of felony harassment (Count V).[2]

For the court:

_____
Verellen, J.

_____
Leach, J.

_____
Appelwick, J.

---

[2] We note that the federal district court recently vacated Eggum's convictions of intimidation of a public servant and granted a certificate of appealability, see 28 U.S.C. § 2253 (c)(3), allowing his appeal of a final district court order, as to his stalking conviction. See Eggum v. Holbrook, No. 2:14-cv-1328-RAJ, 2020 WL 3303085 (W.D. Wash. June 18, 2020). This decision does not appear to affect the validity of the felony harassment conviction upon which the sentencing court imposed the challenged term of community supervision.